**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILMER ALFREDO RAMIREZ ALARCON,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Civil Action No. 26-9484 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Wilmer Alfredo Ramirez Alarcon's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents ("Government") opposed the Petition. (ECF No. 5.) Petitioner did not reply. The Court considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **dismissed** without prejudice for lack of jurisdiction.

## I. BACKGROUND

Petitioner, a Colombian native, entered the United States on March 16, 2018 on a B-1/B-2 visitor's visa. (Habeas Pet. ¶ 3, ECF No. 1; Gov't Opp'n at 1, ECF No. 5; ECF No. 5-1 at 2.) The visa authorized Petitioner to stay until September 15, 2018. (Gov't Opp'n at 1.) Petitioner remained in the country beyond September 15, 2018, without authorization. (*Id.*)

On July 25, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner and served him with an arrest warrant. (*Id.*) ICE then served Petitioner with a Notice of Custody Determination containing a section to request a hearing to review a custody determination. (*Id.* at 1–2; ECF No. 5-3.) Petitioner refused to sign the notice. (Gov't Opp'n at 1–2; ECF No. 5-3.) ICE also served Petitioner with a Notice to Appear. (Gov't Opp'n at 2; ECF No. 5-4.)

In his Petition, Petitioner challenges his detention as unlawful and a violation of his due process rights. (*See generally* Habeas Pet.) The Government argues Petitioner is lawfully detained under 8 U.S.C. § 1226(a). (*See* Gov't Opp'n.) The Government further asserts this Court lacks jurisdiction to consider Petitioner's habeas petition because he did not seek a bond hearing before an immigration judge ("IJ"). (*Id.* at 2–3.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden of showing he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. <u>DISCUSSION</u>

Petitioner is detained under 8 U.S.C. § 1226(a). (*See* Gov't Opp'n.) 8 U.S.C. § 1226(a) authorizes the Government to detain, conditionally parole, or release a non-citizen pending their

removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an non-citizen, the non-citizen may request a bond hearing before an IJ, and to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Here, Petitioner does not dispute that he has not requested a bond hearing before an IJ. Instead, Petitioner filed a Petition seeking his release from custody. "Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)). Even when a non-citizen attempts to prevent removal proceedings "from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . . , it is

well settled that judicial review is precluded if the [non-citizen] has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233 (quoting *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996)).

A petitioner's failure to exhaust his claim before the immigration court is generally "fatal to the District Court's jurisdiction over [a] habeas petition." *Id.* "[E]xhaustion is not required when the petitioner demonstrates that it is futile."[1] *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring). But failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."). Here, Petitioner chose not to request a bond hearing. So, the Court lacks jurisdiction over the Petition, which is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**DATED**: 10/6/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

[1] Some courts in this Circuit have excused exhaustion in cases where the Government incorrectly detained a non-citizen under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 553 (D.N.J. 2026). Not so here. In this case, the Government detained Petitioner under 8 U.S.C. § 1226(a).